**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| Andrew Rossi, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| First Credit Services, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiff, Andrew Rossi, by undersigned counsel, states as follows:

## **JURISDICTION**

1.  This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

4.  The Plaintiff, Andrew Rossi ("Plaintiff"), is an adult individual residing in Elkton, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, First Credit Services, Inc. ("First Credit"), is a New Jersey business entity with an address of One Woodbridge Center, Suite 410, Woodbridge, New Jersey 07095, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by First Credit and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. First Credit at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff incurred a financial obligation in the approximate amount of 132.73 (the "Debt") to Retro Fitness (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to  for collection, or was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. First CreditEngages in Harassment and Abusive Tactics

12. First Credit did not identify themselves when calling the Plaintiff to collect the Debt.

13. First Credit called the Plaintiff everyday regarding the Debt.

14. When the Plaintiff asked who was calling, First Credit responded only by saying "this is Alex."

15. First Credit threatened "severe consequences" and "slashes" to the Plaintiff's credit if he did not pay the Debt.

16. First Credit was very rude and yelled when speaking with the Plaintiff.

17. First Credit called the Plaintiff's parents and disclosed to them he owed a Debt.

18. Via letter dated March 2, 2010, First Credit notified the Plaintiff of his right to dispute the Debt within 30 days and have verification obtained and sent to him.

19. Within that 30 day period First Credit continued to call the Plaintiff.

20. During these calls, First Credit demanded payment of the Debt and stated there would be "trouble" if payments were not received immediately.

### C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

23. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, ET SEQ.

24.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25.     The Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties and failed to identify themselves and further failed to confirm or correct location information.

26.     The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

27.     The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that Defendants contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(5)  in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

30.     The Defendants' conduct violated 15 U.S.C. § 1692d(6) in that Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency.

31.     The Defendants' conduct violated   in that Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5)  in that Defendants

failed to properly notify the consumer of his rights to dispute the Debt by "overshadowing" its initial notice with demands the Plaintiff pay immediately and making subsequent threats.

34. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, ET SEQ.

36. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

38. The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

39. The Defendants repeatedly contacted the Plaintiff with the intent to harass or abuse, in violation of MD. Code Comm. Law § 14-202(6).

40. The Defendants used obscene and grossly abusive language when communicating with the Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

41. The Plaintiff is entitled to damages proximately caused by the Defendants' violations.

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

42. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

43. The *Restatement of Torts, Second,* § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

44. Maryland further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendants violated Maryland state law.

45. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with repeat phone calls, abusive language and yelling at the Plaintiff to pay a Debt he disputed.

46. The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered "hounding the plaintiff" and "a substantial burden to her existence," thus satisfying the *Restatement of Torts, Second,* § 652(b) requirement for an invasion of privacy.

47. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

48. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

## COUNT IV
## VIOLATION OF LICENSING REQUIREMENTS FOR COLLECTION AGENCIES
## MD. ANN. CODE BUS. REG. § 7-101 ET SEQ.

49. The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

50.     Defendant is a "collection agency" as defined by Md. Ann. Code. Bus. Reg. § 7-101(c).

51.     As a collection agency doing business within the state of Maryland, the Defendant is required to obtain a license under MD. Ann. Code.. Bus. Reg. § 7-301(a) and to execute a surety bond under MD. Ann. Code. Bus. Reg. § 7-304(a).

52.     The Defendant is not in good standing and its license status is marked "forfeited" for "failure to file property return for 2008," as indicated by the Maryland Department of Assessments and Taxation.

53.     Under MD. Ann. Code. Bus. Reg. § 7-401(a), a person may not willfully or knowingly do business as a collection agency unless properly licensed.

54.     The Defendant is subject to the penalties imposed under MD. Ann. Code. Bus. Reg. § 7-401(b) for failure to obtain a license while doing business as collection agency in the state of Maryland and the Plaintiff is, therefore, entitled to damages.

## COUNT VI

## COMMON LAW FRAUD

55.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

56.     The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of Maryland.

57.     The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, fear, frustration and embarrassment caused by the Defendants.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to MD. Code Comm. Law § 14-203;

5. Actual damages pursuant to MD. Ann. Code. Bus. Reg. § 7-401(b);

6. Actual damages from the Defendants for the all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 3, 2010

                              Respectfully submitted,

                              By _/s/ Forrest E. Mays_____

                              Forrest E. Mays (Bar No. 07510)
                              2341 N Forrest Drive, Suite 90
                              Annapolis, MD  21403
                              Telephone: (410) 267-6297
                              Facsimile: (410) 267-6234
                              Email: mayslaw@mac.com

                              Of Counsel To
                              LEMBERG & ASSOCIATES L.L.C.
                              A Connecticut Law Firm
                              1100 Summer Street, 3rd Floor
                              Stamford, CT 06905
                              Telephone: (203) 653-2250
                              Facsimile:  (877) 795-3666
                              ATTORNEYS FOR PLAINTIFF